UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| James L. Banks and | ) | |
| Rey C. Banks | ) | Case No. 09-20069-RGM |
| | ) | |
| Debtors. | ) | Chapter 13 |
| | ) | |

### Response to Trustee's Motion to Dismiss

.

COME NOW Debtors, James L. Banks and Rey C. Banks, by counsel, and respond as follows to the Motion to Dismiss filed by the Trustee.

The Trustee states his grounds for dismissal as follows:

**Violation of 11 U.S.C. §1307(c)(8)** - Conditions occurring subsequent to the confirmation of the Plan making performance of the Plan impossible.

The high filed claim of the Bank of New York Mellon c/o BAC Home Loans Servicing makes performance of the Plan impossible. The filed Plan listed the arrearage in the amount of $35,218.00 while the proof of claim came in for the full arrearage amount of $46,465.66.

Section 1307(c)(8) provides for dismissal upon "termination of a confirmed plan by reason of the occurrence of a condition specified in the plan other than completion of payments under the plan." No such condition exists in the plan, and no such condition has occurred.

The plan in this case is confirmed and is *res judicata*. It is binding. It provides in ¶ 1 for

Daniel M. Press, VSB# 37123
Russell B. Adams III, VSB# 37302
Chung & Press, P.C.
6718 Whittier Ave., Suite 200
McLean, Virginia 22101
(703) 734-3800
Counsel for Debtor

total funding of $149,520. It provides in ¶ 2 for payment of priority creditors in full (there are none). It provides in ¶ 3 for a fixed amount to be paid to the car lien creditors ($7295 "crammed down" amount on one car, and the claim amount, $23,520.55 per claim #9 on the other, both with specified interest rates). It provides in ¶ 5 for payment directly by the Debtors of their regular mortgage payments, and it provides "that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement." Amounts are provided as "estimated arrearages"; actual amounts are determined by the proofs of claim. \

Finally, it provides, per the language of the official form plan, that "Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately 100 %. The dividend percentage may vary depending on actual claims filed. If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately 0 %."

The trustee notes that the arrearage on the first mortgagee's proof of claim came in about $11,000 higher than "estimated." That does not implicate § 1307(c)(8). There was no "condition specified in the plan," and no such condition has been implicated. The trustee simply alleges that this higher arrearage "makes performance of the plan impossible." This is simply untrue. The plan is funded with $149,520. Of that, the trustee receives up to 10% ($14,952), leaving $134,568. On the car loans, Virginia Credit Union receives, with interest, $8368, and Audi/VW Credit receives $24,642.24 (based on the estimated claim - the actual claim is slightly

lower).  This leaves $101,557.76.   The mortgage arrears are $46,465.66 and $3080.08, leaving $52,012.02.   That amount gets paid to the unsecured creditors.

These larger filed claims do not "make performance of the plan impossible."  While it is true this means that unsecured creditors will not be paid in full, *the plan does not promise that unsecured creditors will be paid in full*.  It *estimates* that unsecured creditors will be paid in full.  It was confirmed.   Under *United Student Aid Funds, Inc. v. Espinosa*, No. 08-1134 (U.S. Supreme Court, March 23, 2010), it is *res judicata* and binding.   As such, there is simply no basis for dismissal.

WHEREFORE, Debtors respectfully request that the Motion to Dismiss be denied.

Dated: May 19, 2010.

Respectfully submitted,

  /s/Daniel M. Press  
Daniel M. Press, VSB# 37123  
CHUNG & PRESS, P.C.  
6718 Whittier Avenue, Suite 200  
McLean, Virginia 22101  
(703) 734-3800  
Counsel for Debtors

**CERTIFICATE OF SERVICE**

This is to certify that on this 19th day of  May, 2010, I caused to be served the foregoing Response on the Chapter 13 Trustee, the U.S. Trustee and all parties requesting notice, by CM/ECF.

/s/ Daniel M. Press  
Daniel M. Press

3